UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAYFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CV-01251 JMB |
| JILL SCHLUDE, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court on review of a civil rights action filed by self-represented plaintiff Michael Mayfield. For the following reasons, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff brings this case pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) against defendants Jill Schlude, the Chief of Police at the Columbia Police Department, Barbara Buffaloe, Mayor of Columbia, Missouri, and Dwayne Carey, Boone County Sheriff. Plaintiff sues defendants in their individual and official capacities.

Plaintiff Michael Mayfield is a disabled individual living in federally funded housing in Columbia, Missouri. He asserts that his civil rights have been violated in both public and personal spaces. Plaintiff believes that defendants have acted in a conspiracy against him relative to difficulties with his state income taxes, undrinkable water in his home, his failure to obtain a meeting with the Social Security Administration, stolen mail, and stalking. He seeks compensatory damages in this matter.

Based on the allegations in his complaint, plaintiff and defendants reside in Columbia, Missouri. Additionally, plaintiff's claims arise entirely from events occurring in Columbia,

Missouri, which is located in Boone County in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepayment of fees and costs [ECF No. 2] is provisionally **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 26th day of August, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE